(No. 21775.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BOB MACKLIN, Plaintiff in Error.

*Opinion filed June 22, 1933.*

BENJAMIN C. BACHRACH, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURT-
NEY, State's Attorney, and J. J. NEIGER, (EDWARD E.
WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the
People.

Per CURIAM: Bob Macklin was indicted in the criminal
court of Cook county for carrying a concealed weapon.
He pleaded not guilty and waived a trial by jury. The
court found him guilty and sentenced him to ten days' im-
prisonment in the house of correction of the city of Chi-
cago. Charging the invasion of his constitutional rights,
he prosecutes this writ of error.

Prior to the commencement of the trial, the plaintiff in
error made a motion to suppress the evidence relating to
a revolver taken from him by a police officer. In support
of the motion the plaintiff in error, forty-five years of age
and a resident of Chicago, testified that on July 6, 1932,
at about eight o'clock in the evening, he and another man,
with whom he was not acquainted, were walking north on
Western avenue between 122d and 123d streets in the city
of Blue Island in Cook county; that he was quiet, sober
and had not committed any offense whatever; that he was
carrying to his home a revolver wrapped in paper; that a
police officer approached him, commanded him to raise his
hands, searched and arrested him and committed him and
his companion to jail. The police officer had neither a war-
rant to arrest, nor a warrant to search, the plaintiff in error.
The motion was denied.

Upon the trial, the prosecution called as witnesses three
police officers of the city of Blue Island, and they testified
as follows: On July 6, 1932, at about 10:40 P. M., while

in the performance of their duties, they were riding in an automobile on Western avenue. They saw the plaintiff in error leave a gasoline service station located at the northwest corner of Western avenue and 123d street, and walk north. After proceeding about twenty-five feet another man joined him. The police officers stopped the two men and inquired where they were going. The plaintiff in error answered that he was on his way home. To ascertain whether he was armed, one of the officers placed his hands upon him. He thereupon leaned forward in an attempt, apparently, to reach a weapon. The officer, after commanding the plaintiff in error to raise his hands, discovered a revolver concealed under the latter's belt and coat or jacket. The officer took the weapon, found it loaded with shells and placed the plaintiff in error under arrest. He had not committed an offense in the presence of the officers and they had no information that he was wanted to answer a criminal charge. The revolver was admitted in evidence.

To the testimony of the plaintiff in error given on the preliminary motion, he added on the trial that he stepped into the gasoline service station to inquire about the distance to the street car line on Western avenue; that he obtained the revolver from a man for whom he had worked and was carrying it to his home to be used for its protection; that a string was wound about the paper in which the revolver was wrapped and the weapon was not exposed to view; that when the police officer commanded him to raise his hands the revolver was taken from the paper and that the police officers struck him on the head, knocked him down and beat him. When the introduction of evidence was concluded, the plaintiff in error renewed his motion to exclude the prosecution's evidence on the ground that his constitutional rights had been violated. The motion was again denied.

The contention of the plaintiff in error is that his arrest, the search of his person and the seizure of his re-

volver violated section 6 of article 2 of the constitution, which provides: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue without probable cause, supported by affidavit, particularly describing the place to be searched, and the persons or things to be seized."

At common law there was the right of arrest by a private person or an officer, without a warrant, of a person walking in the streets at night, when there was reasonable ground to suspect that he was a malefactor. (*Lawrence* v. *Hedger,* 3 Taunt. 14; Hawkins' Pleas of the Crown, (8th ed.) pp. 120, 128, 129). Such an arrest was not justified unless the person had committed some disorderly or suspicious act. (Book 4, Sharswood's Blackstone's Com. *p. 292, note 13). Section 4, division 6 of the Criminal Code, (Cahill's Stat. 1931, p. 1083; Smith's Stat. 1931, p. 1084), provides: "An arrest may be made by an officer or by a private person without warrant, for a criminal offense committed or attempted in his presence, and by an officer, when a criminal offense has in fact been committed, and he has reasonable ground for believing that the person to be arrested has committed it." To justify an arrest by an officer without a warrant his ground for belief that the person arrested is guilty of an offense must be such as would influence the conduct of a prudent and cautious man under the circumstances. (*People* v. *Doody,* 343 Ill. 194; *People* v. *McGurn,* 341 id. 632; *Kindred* v. *Stitt,* 51 id. 401). If the right of arrest exists the right of search and seizure is incidental thereto. *People* v. *Preston,* 341 Ill. 407; *People* v. *Reid,* 336 id. 421; *People* v. *Hord,* 329 id. 117; *North* v. *People,* 139 id. 81.

The evidence discloses that the plaintiff in error was committing the offense of carrying a concealed weapon at the time the police officers approached him. When, however, the plaintiff in error was arrested the officers had

neither knowledge nor information that he had committed any offense whatever. The acts which aroused the suspicions of the officers were that, late at night, the plaintiff in error had called at a gasoline service station and that after leaving it, he and another man walked together along a public street. It is not charged that either loitered about the premises of another person in a suspicious or disorderly manner. The plaintiff in error did nothing before his arrest to indicate that he was about to commit an offense of any character. It was only after one of the officers placed his hands upon him, that he manifested an attempt at resistance. This act was subsequent to, and hence not the cause of, the arrest. No overt act of a criminal tendency had been committed and nothing the men did led the officers to suspect either of them of the specific offense of carrying a concealed weapon. The discovery of the weapon after the arrest of the plaintiff in error could not relate back to, and operate as a justification for, the arrest. Knowledge of the misdemeanor was gained solely through, and as the result of, an unlawful arrest, search and seizure. The provision of the bill of rights that a citizen shall be secure in his person, house, papers and effects against unreasonable search and seizure is intended for the protection of the individual against oppressive action of the government and of every official who administers a part of the functions of government. (*People* v. *McGurn,* 341 Ill. 632; *People* v. *Castree,* 311 id. 392; *People* v. *Brocamp,* 307 id. 448). The evidence which the plaintiff in error by his motion sought to suppress was incompetent and the motion should have been granted.

The judgment of the criminal court is reversed and the cause is remanded to that court.

*Reversed and remanded.*