(No. 31436.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CORNELIUS EDGE, Plaintiff in Error.

*Opinion filed September 21, 1950.*

HENRY C. FERGUSON, of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (LEO F. POCH, JOHN T. GALLAGHER, RUDOLPH L. JANEGA, IRVING LANG, and THOMAS S. McINERNEY, all of Chicago, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

The defendant, Cornelius Edge, was indicted in the criminal court of Cook County for the offense of possessing policy tickets. The indictment consisted of two counts. Both charged defendant with knowingly possessing policy tickets on June 25, 1948, and the second count contained the additional charge that he had previously been con-

victed of the same offense on June 10, 1948, in the municipal court of Chicago. Motions to quash the indictment and to suppress the evidence were overruled. A jury found defendant guilty, as charged in the second count of the indictment, and he was sentenced to imprisonment in the penitentiary for a term of not less than one year nor more than two years. Defendant prosecutes this writ of error.

Defendant was indicted under section 2 of an act entitled, "An Act for the prevention of policy-playing." (Ill. Rev. Stat. 1949, chap. 38, par. 413.) The statute consists of three sections. Section 1 defines the offense of selling or offering to sell policy tickets, while section 2 makes the possession of policy tickets, knowingly, and many other specified kindred acts criminal offenses. Section 3 provides that the possession of a policy ticket is presumptive evidence that the possession is knowingly and in violation of the act. Although the sale and possession of policy tickets are separate and distinct offenses, the penalties prescribed are identical. Upon a first conviction under either section 1 or 2, the defendant is subject to a fine or not less than two hundred nor more than one thousand dollars, or imprisonment in the county jail for not more than one year, or both. For a second conviction of the same offense, the only punishment prescribed is imprisonment in the penitentiary for a term of not less than one year nor more than two years.

Defendant first complains that the trial court erred in denying his motion to quash the indictment. His initial contention is that section 2 of the statute is null and void because the title of the act does not express the subject matter of the section, in violation of section 13 of article IV of our constitution. Defendant's brief refers exclusively to the title or digest of section 2, "Owner or building permitting," supplied by the publishers of the State Bar Association edition of the Illinois Revised Statutes and makes no reference to the official title of the act, as passed by

the General Assembly. The constitutional provision invoked has no application to the unofficial heading or digest of a section of a statute added by a publishing company for the convenience of its patrons.

In the same connection, defendant also contends that the part of the second count of the indictment charging that he was formerly convicted of possessing policy tickets discloses, upon its face, that the alleged prior conviction is void. Count 2, in addition to reciting, in narrative form, defendant's pleas, the judgment of conviction and fine in the municipal court of Chicago on June 10, 1948, sets forth, *verbatim,* the information on which he was tried. The information, so far as pertinent, charges that defendant, on June 9, 1948, at Chicago, " 'did then and there unlawfully have in his possession' " a policy ticket. Although apparently intended to be drawn in the language of the statute, the information substitutes the word "unlawfully" for "knowingly." Defendant argues that "unlawfully" is not equivalent to "knowingly;" that the information fails to charge a criminal offense and that, consequently, the alleged judgment of conviction "of the offense charged in said information" is a nullity.

To give a court jurisdiction in a criminal case, it is essential that the indictment or information charge the accused with a crime. (*People* v. *Harris,* 394 Ill. 325; *People* v. *Nickols,* 391 Ill. 565.) Moreover, where the statutory definition of a crime includes the intent with which the act is committed as an element of the offense, the intent must be alleged. (*People* v. *Harris,* 394 Ill. 325; *People* v. *Barnes,* 314 Ill. 140.) Under section 2 of the act prohibiting policy-playing, policy tickets must be possessed knowingly in order to constitute a crime. Section 3 of the act only serves to emphasize this by providing that the possession of policy tickets is presumptive evidence that the tickets were knowingly possessed. The word "knowingly," omitted from the information in question, is not

supplied, in substance, by the term "unlawfully." Inclusion of the word "unlawfully" merely connotes that the possession was contrary to or in defiance of law, whereas "knowingly" implies that the act was performed consciously, intelligently, and with actual knowledge of the facts. (Webster's New International Dictionary, 2nd edition; Black's Law Dictionary, 3rd edition; Bouvier's Law Dictionary, Rawle's 3rd revision; Words and Phrases, permanent edition.) For the reason the information did not allege that defendant knowingly possessed policy tickets, either in the language of the statute or in other appropriate words, it failed to charge him with a criminal offense.

The prosecution concedes, in effect, that the information did not charge a crime, but contends that the former judgment of conviction is not subject to collateral attack in this cause. The point is not well taken. A judgment of conviction entered upon an information which does not charge an offense is not merely erroneous, but void for want of jurisdiction of the subject matter, and may be attacked at any time, either in a direct proceeding on review or collaterally. (*People* v. *Nickols,* 391 Ill. 565; *People* v. *Buffo,* 318 Ill. 380.) In the case last cited, this court held a former indictment and conviction for a violation of the Illinois prohibition statute were not admissible in evidence in a prosecution for a second violation of the act where the former indictment showed on its face that it did not charge any criminal offense. The court observed: "If the former indictment did not charge defendant with any crime it would seem necessarily to follow the court had no jurisdiction to try and convict him of a crime. * * * To give a court jurisdiction of the subject matter in a criminal case it is essential that the accused be charged with a crime. If that is not done, a plea of guilty in manner and form as charged does not authorize the court to render a judgment of conviction for some criminal offense, and if a judgment is so rendered it is void and

may be attacked collaterally. * * * Inasmuch as the defendant was not charged in the former indictment with a violation of any criminal law the court had no jurisdiction to try, convict and sentence him for the commission of a criminal offense. The former judgment was void and subject to collateral attack."

The motion to quash the indictment, to the extent that the second count charges a former judgment of conviction, should have been sustained. Both counts of the indictment, however, properly charge defendant with knowingly possessing policy tickets on June 25, 1948, and, to this extent, the motion to quash was properly overruled.

Of the remaining contentions made and argued, the only one requiring consideration is defendant's assertion that the trial court erred in denying his motion to suppress the evidence. Defendant contends he was unlawfully arrested and that the accompanying search of his person and seizure of a package of policy tickets were accomplished in violation of his constitutional rights. Recourse to the evidence heard upon the motion to suppress reveals the following facts: Early in the evening of June 25, 1948, Timothy D. Allman, a police officer assigned to a gambling detail, while driving along Thirty-first Street, in Chicago, in a squad car with two other officers, observed an automobile parked in an alley and partly across the sidewalk. As he approached the alley a second time, after turning around, Allman saw a man enter the parked car and start to back it out into the street, whereupon he drew up behind the moving car, thus blocking it from access to the street. When Allman saw defendant, who was the other driver, alight from his car, he recognized him immediately, as he had arrested defendant for possessing policy slips on June 9, 1948, and had, in fact, signed the information upon which defendant was tried in the municipal court on June 10, 1948. Allman had neither a warrant for the arrest of defendant nor a search warrant but, after walking around

defendant's car, arrested him for violating a municipal ordinance against obstructing an alley and another ordinance requiring all motor vehicles to have a safety-inspection sticker. Defendant, upon being asked about a bulge in one of his rear pockets, produced a package of policy slips and handed them to Allman. Subsequently, defendant was tried for obstructing an alley and found not guilty.

The guaranty of section 6 of article II of our constitution is not against all searches and seizures but only against unreasonable search and seizure, and does not extend to immunity from search upon lawful arrest. (*People* v. *Barg*, 384 Ill. 172; *People* v. *Ford*, 356 Ill. 572.) Where the arrest is justified, the accompanying search is also justified. (*People* v. *Tabet*, 402 Ill. 93; *People* v. *Exum*, 382 Ill. 204.) Defendant does not contend otherwise, but argues that he was arrested illegally and that, therefore, the subsequent search of his person was unreasonable and in violation of his constitutional rights.

To show that his arrest was unlawful, defendant contends he was taken into custody solely for the purpose of questioning. An arrest for questioning or upon bare suspicion is, of course, without sanction of law. (*People* v. *Brewer*, 355 Ill. 348; *People* v. *Scalisi*, 324 Ill. 131.) The evidence shows, however, that defendant was arrested for the violation of two ordinances and, hence, the contention made is without merit.

Defendant also contends that his arrest without a warrant was illegal because he did not commit any criminal act in the presence of the arresting officers. Contrary to defendant's assertion, his acquittal of the charge of obstructing an alley does not constitute conclusive proof that he was not engaging in any unlawful act at the time of his arrest. A prior acquittal is no bar to an adjudication that the arrest was lawful, (*McMahon* v. *People*, 189 Ill. 222,) the judgment of not guilty being simply a determina-

tion that the evidence presented did not prove the offense charged. (*People ex rel. Day* v. *Lewis*, 376 Ill. 509.) The evidence adduced at the hearing on the motion to suppress the evidence discloses that defendant was obstructing the alley, and, in any event, defendant was also arrested for not having a motor vehicle safety-inspection certificate and there is no showing that he was not guilty of this offense.

Lastly, defendant contends that the only way a police officer can lawfully arrest a person for violating a municipal ordinance is with a warrant issued upon a sworn complaint. This is not true. Section 4 of Division VI of the Criminal Code (Ill. Rev. Stat. 1949, chap. 38, par. 657,) ordains, in pertinent part, that "An arrest may be made by an officer or by a private person without warrant, for a criminal offense committed or attempted in his presence, * * *." The term "criminal offense" in this section includes all felonies, however great, and all misdemeanors, however slight. (*People* v. *Ford*, 356 Ill. 572; *People* v. *Davies*, 354 Ill. 168.) While an action for a violation of a municipal ordinance is both tried and reviewed as a civil proceeding, (*City of Chicago* v. *Terminiello*, 400 Ill. 23; *City of Chicago* v. *Williams*, 254 Ill. 360,) this does not preclude a violation of a municipal ordinance, subjecting the offender to the penalty of a fine, from being a "criminal offense," within the contemplation of the statute on arrest. Other statutory authority also establishes the legality of the defendant's arrest. Section 23 of the Cities and Villages Act provides that the corporate authorities of a municipality shall have the power "To prescribe the duties and powers of all police officers," and "To pass and enforce all necessary police ordinances," and "To pass all ordinances and make all rules and regulations, proper or necessary, to carry into effect the power granted to municipalities, with such fines or penalties as may be deemed proper. No fine or penalty, however, shall exceed $200.00

and no imprisonment shall exceed six months for one offense." (Ill. Rev. Stat. 1949, chap. 24, pars. 23-78, 23-105 and 23-106.) Pursuant to the authority granted, the city of Chicago has adopted an ordinance (City of Chicago, Revised Code of 1939, chap. 11, par. 25,) providing that "The members of the police force shall have power to arrest all persons in the city found in the act of violating any law or provision of this code * * *." Defendant, having been found in the unlawful acts of operating a motor vehicle without a safety-inspection sticker and obstructing an alley, his arrest was, therefore, lawful. The arrest being lawful, the accompanying search and seizure were, likewise, lawful. (*People* v. *Exum*, 382 Ill. 204; *People* v. *Macklin*, 353 Ill. 64.) Furthermore, since defendant neither claimed ownership nor demanded the return of the policy tickets, he is in no position to complain of their seizure or of their use in evidence against him. (*People* v. *Tabet*, 402 Ill. 93; *People* v. *Barg*, 384 Ill. 172.) The motion to suppress the evidence was properly denied.

Since there must be a new trial, other assignments of error relating to the introduction of evidence, instructions, and the sufficiency of the evidence need not be considered.

The order denying the motion to quash the indictment being erroneous in part, the judgment of conviction of defendant under the second count is reversed and the cause remanded, with directions to quash the part of the second count charging defendant with a prior conviction on June 10, 1948, and for a new trial as to the offense alleged to have been committed on June 25, 1948.

*Reversed and remanded, with directions.*