THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
THOMAS JAMES NIBBIO, Defendant-Appellant.

Fifth District    No. 5—87—0315

Opinion filed March 8, 1989.

Robert H. Rice, of Rice Law Offices, of Belleville, for appellant.

Dick Allen, State's Attorney, of Edwardsville (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LEWIS delivered the opinion of the court:

The defendant, Thomas Nibbio, was charged by a second amended information in two counts, each alleging the offense of criminal sexual

abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—15(b)(1)). At the close of the evidence in a bench trial on February 23, 1987, the defendant moved as to each count for a directed verdict of not guilty on the ground that the information failed to state and charge an offense. The trial court did not rule on either motion for directed verdict but found the 29-year-old defendant guilty of both counts. After ruling that section 12—15(b)(1) of the Criminal Code of 1961 is not referred to or covered by section 12—15(c) (Ill. Rev. Stat. 1985, ch. 38, par. 12—15(c)) insofar as it deals with enhancement of the penalty for the offense of criminal sexual abuse, the trial court sentenced the defendant to serve 364 days as to each of the two counts, the sentences to run concurrently with one another as well as "with any other sentence given in Pinellas County, Florida, if any." Defendant appeals, raising no issue with respect to the sufficiency of the evidence but challenging the sufficiency of each count of the pleadings to charge an offense. The trial court's ruling concerning enhancement of the penalty pursuant to section 12—15(c) is not a subject of this appeal.

Both offenses involve the same 15-year-old male victim, who was attending a soccer clinic conducted by the defendant. The offenses occurred on July 28 or 29, 1986. The first count alleged that the defendant "knowingly committed an act of sexual conduct" with the victim in that the defendant "fondled the buttocks" of the victim; the second count alleged that the defendant "knowingly committed an act of sexual conduct" with the victim in that the defendant "touched his sex organ to the back" of the victim.

Section 12—15(b)(1) provides in pertinent part:

"(b) The accused commits criminal sexual abuse if:

(1) the accused was 17 years of age or over and commits an act of sexual penetration or sexual conduct with a victim who was at least 13 years of age but under 16 years of age when the act was committed ***." (Ill. Rev. Stat. 1985, ch. 38, par. 12—15(b)(1).)

Section 12—12(e) (Ill. Rev. Stat. 1985, ch. 38, par. 12—12(e)) defines "sexual conduct" as used in section 12—15(b)(1) as follows:

"Sec. 12—12. Definitions. For the purpose of Sections 12—13 through 12—18 of this Code, the terms used in these Sections shall have the following meanings ascribed to them:

(e) 'Sexual conduct' means any intentional or knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused, or any part of the body of a child under 13 years of age, for the purpose of sexual gratification or

arousal of the victim or the accused."

The defendant contends concerning both counts of the second amended information that the legislature in its definition of "sexual conduct" has made a clear distinction between victims under 13 years of age and victims 13 years of age or over. By virtue of this distinction, he says, "sexual conduct" involving a victim of the age of 13 and over requires intentional touching or fondling of certain parts of the body, namely, the sex organs, the anus, or the breast, whereas "sexual conduct" involving a victim under the age of 13 years includes the touching or fondling of "any part of the body."

Thus, he argues with regard to count I, fondling the buttocks of a person who is at least 13 years of age, as the second amended information alleges, is not conduct proscribed by section 12—15(b)(1). Count I of the second amended information states that the defendant who

"was seventeen (17) years of age or older, knowingly committed an act of sexual conduct with [a boy], who was at least thirteen (13) years of age but under sixteen (16) years of age when the act was committed, in that he fondled the buttocks of [the boy], for the purpose of sexual gratification or arousal of the defendant, and the defendant had been previously convicted of the offense of three counts of Unnatural and Lascivious Act, pursuant to the provisions of a similar statute in the State of Florida for an offense involving sexual abuse or sexual assault that is substantially equivalent to or more serious than the sexual abuse prohibited by Illinois Revised Statutes, Chapter 38, Section 12—15, in violation of Illinois Revised Statutes, Chapter 38, Section 12—15(b)(1)."

Defendant asserts that "[b]y failing to list any of the three necessary body parts, Count I of the [second amended] information failed to charge a crime and the conviction for that count must be reversed."

The State argues that, although section 12—12(e) does not expressly include "buttocks," in view of the "sexual association" of buttocks, under "any commonsense reading of the statute" the fondling of the buttocks of a child 13 years of age or older is prohibited. Further, the State stresses the intent of the legislature to prohibit such conduct in light of the "previous child molestation statute," which defined the offense of indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, par. 11—4(a)) and prohibited "[a]ny lewd fondling or touching" (Ill. Rev. Stat. 1983, ch. 38, par. 11—4(a)(3)). The purpose of the recodification of the sex offenses, the State says, was "to consolidate all of the sexual offenses into one act, not to decriminalize

certain types of sexual conduct." The parties have cited us to no case law addressing the precise question raised here, and our research has disclosed none.

■■ It is fundamental that in interpreting a statute words are to be given their plain meaning whenever possible. (*People v. Gann* (1986), 141 Ill. App. 3d 34, 489 N.E.2d 924.) It is, likewise, fundamental that in construing a statute a court is to ascertain and to give effect to the legislative intent. (*People v. Haywood* (1987), 118 Ill. 2d 263, 515 N.E.2d 45.) Although penal statutes are to be strictly construed in favor of the accused, they must not be so rigidly construed as to defeat the intent of the legislature. *Haywood*, 118 Ill. 2d 263, 515 N.E.2d 45.

■ The offenses of which defendant was convicted were created by Public Act 83—1067 (1983 Ill. Laws 7251). (*People v. Burmeister* (1986), 147 Ill. App. 3d 218, 497 N.E.2d 1212.) In *Haywood* our supreme court stated the central purpose of the bill effecting these and other changes in the statutes addressing the sexual offenses:

> "The Criminal Sexual Assault Act (Pub. Act 83—1067, amended by Pub. Act 83—1117), repealed eight of the statutes which had defined sex offenses in sections 11—1 through 11—11.1 of the Criminal Code. The sponsors of the Act repeatedly stated that the central purpose of the bill was to recodify the sexual offenses into a comprehensive statute with uniform statutory elements that would criminalize all sexual assaults without distinguishing between the sex of the offender or the victim and the type of sexual act proscribed. (83d Ill. Gen. Assem., House Proceedings, May 10, 1983, at 162-63.)" (*Haywood*, 118 Ill. 2d at 271, 515 N.E.2d at 49.)

We note that Senate amendment No. 4, adopted on June 23, 1983, amended House Bill 606 (83d Ill. Gen. Assem., House Bill 606, 1983 Sess.), which became effective on July 1, 1984 (Pub. Act 83—1067), and amended, *inter alia*, the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 1—1 *et seq.*). Among other things, Senate amendment No. 4 amended section 12—12 of the Criminal Code of 1961 in the definition of "sexual conduct" by "inserting immediately after *'breast of the victim or the accused.'* the following: *'or any part of the body of a child under 13 years of age.'*" (Emphasis in original.) (Pub. Act 83—1067.) Senator Netsch, who offered Senate amendment No. 4, stated in doing so that the amendment

> "was prepared largely in response to some particular points that were raised during our subcommittee hearings and subsequently by the office of the Peoria State's Attorney's Office. It buttons up one of the gaps with respect to the age crimes. It

responds to a concern that they had having to do with the lewd fondling of children ***." (83d Ill. Gen. Assem., Senate Proceedings, June 23, 1983, at 7-8 (Part 1).)

In view of the plain meaning of the words of section 12—12(e) defining "sexual conduct" and the amendment accomplished by Senate amendment No. 4, we conclude that the legislature intended the distinction advanced by the defendant, that is, that "sexual conduct" involving a victim of the age of 13 and over requires intentional touching or fondling of certain parts of the body, namely, the sex organs, the anus, or the breast, whereas "sexual conduct" involving a victim under the age of 13 years includes the touching or fondling of "any part of the body," in all cases for the purpose of sexual gratification or arousal of the victim or the accused.

In the present case the victim was over the age of 13. The information alleged in count I that the defendant had committed an act of sexual conduct in that he "fondled the buttocks" of the victim. Inasmuch as we do not believe "buttocks" may be deemed to be a part of either "the sex organs" or the "anus," we agree with the defendant that count I of the information failed to charge the offense of criminal sexual abuse. A judgment of conviction entered upon an information that does not charge an offense is void for lack of jurisdiction of the subject matter and may be attacked at any time. (*People v. Edge* (1950), 406 Ill. 490, 94 N.E.2d 359.) Inasmuch as count I failed to charge the offense of criminal sexual abuse, the judgment of guilt and sentence entered as to count I of the second amended information is hereby reversed.

With respect to count II the defendant contends, likewise, that, because the victim was over the age of 13, "the defendant must have touched the victim's sex organs, anus or breasts to violate the statute"; thus, touching the back of a victim who is at least 13 years of age, as the second amended information alleges, is not, he says, conduct proscribed by section 12—15(b)(1). Count II of the second amended information states that the defendant, who

"was seventeen (17) years of age or older, knowingly committed an act of sexual conduct with [a boy], who was at least thirteen (13) years of age but under sixteen (16) years of age when the act was committed, in that he touched his sex organ to the back of [the boy], for the purpose of sexual gratification arousal of the defendant, and the defendant had been previously convicted of the offense of three counts of Unnatural and Lascivious Act, pursuant to the provisions of a similar statute in the State of Florida for an offense involving sexual abuse or sexual assault

that is substantially equivalent to or more serious than the sexual abuse prohibited by Illinois Revised Statutes, Chapter 38, Section 12—15."

Section 12—12(e) refers expressly to the "touching" by either "the victim or the accused" of the sex organs, anus or breast of either "the victim or the accused." Hence, the defendant's argument that to have violated the statute he must have touched the sex organs, anus or breast of a victim who has attained the age of 13 or more is not well taken.

Defendant argues further with regard to count II that since the sex organ referred to in that count is that of the defendant, the victim must have touched the defendant's sex organ knowingly to satisfy the requirements of the definition of "sexual conduct" as set forth in section 12—12(e); inasmuch as count II fails to allege that the victim knowingly touched the defendant's sex organ, that count is, in his view, fatally defective.

■ To give a court jurisdiction in a criminal case, it is essential that the indictment or information charge the accused with a crime. (*Edge*, 406 Ill. 490, 94 N.E.2d 359.) A charge is sufficient to withstand a motion to dismiss or a motion in arrest of judgment if the indictment or information sufficiently states the necessary elements of the offense so that by the language used the defendant is apprised with reasonable certainty of the precise offense of which he is charged. (*People v. Thompson* (1984), 125 Ill. App. 3d 665, 466 N.E.2d 380.) Section 111—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 111—3), which sets forth the requirements for the form of a charge, was drawn pursuant to due process principles; the purpose of the requirements of section 111—3 is to make certain that the accused is adequately informed of the nature and elements of the offense charged against him so that he may prepare his defense and protect himself from double jeopardy by subsequent prosecution for the same offense. (*Thompson*, 125 Ill. App. 3d 665, 466 N.E.2d 380.) An indictment or information charging an offense defined by statute should be as fully descriptive of the offense as is the language of the statute and should allege every substantial element of the offense as defined by the statute. (*People v. Barnes* (1924), 314 Ill. 140, 145 N.E. 391.) The charging instrument must allege all facts necessary to constitute the crime charged. (*People v. Vraniak* (1955), 5 Ill. 2d 384, 125 N.E.2d 513, *cert. denied* (1955), 349 U.S. 963, 99 L. Ed. 1285, 75 S. Ct. 895.) Where the statutory definition of a crime includes the intent with which the act is committed as an element of the offense, the intent must be alleged. (*Edge*, 406 Ill. 490, 94 N.E.2d 359.) However, where

the statute is silent as to intent, no intent need be averred in the charging instrument. *Vraniak*, 5 Ill. 2d 384, 125 N.E.2d 513.

In the present case the defendant was charged with the offense of criminal sexual abuse in violation of section 12—15(b)(1). In defining criminal sexual abuse, section 12—15(b)(1) does not include intent as an element of the crime. Section 12—12(e) merely defines "sexual conduct" as that term is used in section 12—15(b)(1); hence, it was not necessary, as the defendant maintains, for the State to have alleged the mental state of the victim in the information charging a violation of section 12—15(b)(1). The information is as fully descriptive of the offense as is the language of section 12—15(b)(1) and alleges every substantial and material element of the offense as defined therein. More it need not do. The information alleged that the defendant "knowingly committed an act of sexual conduct" and set forth the necessary elements of the offense so that the defendant was unquestionably apprised with reasonable certainty of the precise offense of which he was charged and could prepare his defense. We conclude that count II of the second amended information was sufficient to charge the offense of criminal sexual abuse pursuant to section 12—15(b)(1) and that the trial court properly entered judgment and sentence as to that count of the information.

Affirmed in part; reversed in part.

RARICK and CHAPMAN, JJ., concur.