THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARRELL A. EDWARDS, Defendant-Appellant.

Second District   No. 2—89—0359

Opinion filed March 21, 1990.

Phyllis J. Perko, of Harlovic & Perko, of West Dundee, for appellant.

James E. Ryan, State's Attorney, of Wheaton, and Mary E. Gentile, of Chicago (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

Following a bench trial, the defendant, Darrel A. Edwards, appeals from convictions on four counts of aggravated criminal sexual abuse for which he received five-year sentences. (Ill. Rev. Stat. 1987, ch. 38, par. 12—16(d).) He argues that the court erroneously allowed evidence of other crimes, that two of the convictions were neither properly charged nor proved, that the court improperly struck psychological evidence, and that the sentences are excessive. We affirm in

part and reverse in part.

■ Under the Criminal Code of 1961 (the Code), a defendant commits aggravated criminal sexual abuse if he commits sexual penetration or sexual conduct with a victim who is at least 13 years old, but under 17 years old, and at least five years younger than himself. (Ill. Rev. Stat. 1987, ch. 38, par. 12—16(d).) The Code defines "sexual conduct," in pertinent part, as "any intentional or knowing touching or fondling by *** the accused *** of the sex organs *** of the victim *** for the purpose of sexual gratification or arousal of the victim or the accused." (Ill. Rev. Stat. 1987, ch. 38, par. 12—12(e).) The Code further defines "sexual penetration," in pertinent part, as "any contact, however slight, between the sex organ of one person and the sex organ, mouth or anus of another person." Ill. Rev. Stat. 1987, ch. 38, par. 12—12(f).

The female victim testified that her birth date was May 10, 1972. She further testified as to her consensual sexual relations with the defendant in January and February 1988. Over the defendant's objection, the State presented evidence that the defendant provided the victim with ether, freon and/or marijuana to use in connection with all the couple's sexual conduct. The defendant's birth date is February 28, 1961.

In connection with the evidence of ether, freon and marijuana, the defendant's first argument on appeal is that the court committed reversible error in allowing evidence of use of intoxicants and drugs. We disagree.

■ Evidence of other crimes is admissible if relevant for some purpose such as *modus operandi*, intent, identification, motive, or absence of a mistake. (*People v. Richardson* (1988), 123 Ill. 2d 322, 528 N.E.2d 612.) However, because it is overly persuasive, such evidence is not admissible if relevant merely to establish the defendant's criminal propensity. (*Richardson*, 123 Ill. 2d at 338-39.) The erroneous admission of other-crimes evidence is not reversible if it was harmless error. 107 Ill. 2d R. 615(a); *Richardson*, 123 Ill. 2d 322.

■ We find no relevant purpose for admission of the instant evidence. Although the evidence of intoxicants and drugs was clearly intertwined with the continuing narrative of sexual conduct, it in no sense tended to prove or disprove the elements of the offense: the parties' ages and sexual behavior. Consequently, its admission was error.

Nevertheless, we find that the court's erroneous admission was harmless beyond a reasonable doubt. Importantly, this was a bench trial and, thus, there was no risk of overpersuading a jury. Further-

more, the court's comments reveal no emphasis upon the improper evidence. Given the unrebutted evidence of the parties' ages and their consensual sexual conduct, the admission of improper evidence did not prejudice the defendant's case.

The defendant's second argument on appeal is that he was not properly charged or proved guilty on counts II and IV, which were based upon his "sexual contact" with the victim. In charging the instant counts II and IV, the State alleged that the defendant "knowingly committed an act of sexual conduct with [the victim], who was at least 13 years of age but under 17 years of age, in that [he] placed his mouth on the vaginal area of [the victim, and] was at least five years older than [the victim]." We agree that the charges were insufficient.

As the defendant emphasizes, the instant charges omitted the Code's provision that the relevant sexual conduct was "for the purpose of sexual gratification or arousal of the victim or the accused." (Ill. Rev. Stat. 1987, ch. 38, par. 12—12(e).) That provision was not, as the State urges, inessential merely because its source is the statutory definition of "sexual conduct" rather than the statutory definition of the charged offense, aggravated criminal sexual abuse.

■ The instant offenses of aggravated criminal sexual abuse cannot be fully defined without reference to the definition of "sexual conduct." In fact, the instant charges were generally couched in the language of the "sexual conduct" definition. However, the charges omitted one element in the definition of "sexual conduct" and, thus, an element in the instant offenses: that the relevant conduct was committed with the purpose of sexual arousal or gratification. In omitting that element, the instant charges failed both to set forth fully the nature and elements of the offense and to be as fully descriptive as the language of the statute. (See *People v. Nibbio* (1989), 180 Ill. App. 3d 513, 536 N.E.2d 113.) Consequently, we reverse the defendant's convictions on the inadequately charged counts II and IV.

Considering the possibility of new charges of aggravated criminal sexual abuse against the defendant, we find, contrary to the defendant's argument, that, although the State brought insufficient charges, it presented sufficient evidence to properly prove the defendant guilty beyond a reasonable doubt. See *People v. Taylor* (1979), 76 Ill. 2d 289.

■ The defendant's third argument on appeal is that the court erroneously struck evidence of his cognitive and psychological development. According to the defendant, evidence that "the accused was at least 5 years older than the victim," as required by the Code's definition of the offense (Ill. Rev. Stat. 1987, ch. 38, par. 12—16(d)), can

be rebutted by expert evidence that the defendant's psychological maturity is not five years greater than that of his sexual partner.

The defendant presents no authority for his creative argument. We find no reason to diverge from the unambiguous statutory language. That language refers to a chronological age disparity between the defendant and victim, not a psychological age disparity. See *People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 357 N.E.2d 1180.

■■ ■ The defendant's fourth and final argument is that his sentences are excessive. According to the defendant, his five-year sentences are unjustified by aggravating circumstances and could only have been the product of the court's disregarding of substantial mitigating factors.

Sentencing is a matter for the trial court's discretion; absent an obvious abuse of that discretion, a sentence may not be altered on review. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

The defendant's two Class 2 felonies were each punishable with between three and seven years' imprisonment. (Ill. Rev. Stat. 1987, ch. 38, pars. 12—16(e), 1005—8—1(a)(5).) The record shows that in imposing the midrange five-year sentences, the court considered the defendant's previous criminal conduct, the defendant's parole status at the time of the instant offenses, and the psychological harm to the victim threatened by the defendant's conduct. The record also shows that the court considered mitigating factors: factors relating to the defendant's prior criminal conduct, the defendant's psychological maturity, and defendant's community support system. The record reveals no abuse of discretion.

Based on the foregoing, we reverse the defendant's convictions based upon counts II and IV and vacate the sentences imposed thereon. We affirm the remainder of the court's judgment.

Reversed in part; affirmed in part.

UNVERZAGT, P.J., and DUNN, J., concur.