THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL A. PEVE, Defendant-Appellant.

Third District  No. 3—90—0004

Opinion filed March 4, 1991.—Modified opinion filed March 20, 1991.

Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The trial court convicted the defendant, Michael A. Peve, of aggravated criminal sexual abuse (Ill. Rev. Stat. 1989, ch. 38, par. 12—16(c)(1)(i)). The court subsequently sentenced him to a seven-year term of imprisonment. The defendant appeals.

The record shows that the State charged the defendant with touching the clothed vagina of J.F. while she was under the age of 13. At trial, J.F. testified that in early March of 1989, when she was 11 years old, she lived with the defendant, her mother, and her 1½-year-old stepbrother, J. One afternoon, while she was watching television, the defendant returned home with J. After the defendant put J. to bed, he

joined J.F. on the couch. First, he placed his hand on her knee. He then moved his hand along her leg and touched the crotch of her underpants. She said that this touching lasted a short time.

J.F. further testified that she could not recall whether the defendant was sleepy at the time. She later testified, however, that neither she nor the defendant was asleep prior to the touching.

Officer Michael Roman testified that he and DCFS Investigator David Allred interrogated the defendant at the Moline police department on April 5, 1989. The defendant admitted to Roman that on one occasion he had moved his hand along J.F.'s leg and that he may have touched the crotch of her underwear. When he realized what he had done, he felt guilty and left the room. He could not recall whether he was sexually aroused by the touching.

Investigator Allred's testimony generally corroborated Officer Roman's testimony. He further recalled, however, that the defendant admitted that he might have been sexually aroused by the touching.

J.W., J.F.'s 11-year-old cousin, testified that J.F. told her in the summer of 1989 that the defendant had not touched her. J.F. said that she had made up the allegation because she was angry at the defendant for making her clean her room.

J.F.'s mother testified that normally she and J.F. were open with each other. Nonetheless, J.F. had not told her about the incident until after the authorities had questioned the defendant.

The defendant testified that he was presently on parole for a previous aggravated criminal sexual abuse conviction. Since that offense, he had attended counseling sessions. He denied committing the instant offense, although he recalled an incident that may have been the basis for the allegation. On that occasion, he was asleep on the couch while J.F. was seated next to him. When he awoke and rose to get up, his right arm touched her knee. The touching lasted about five seconds.

The defendant stated that he told Roman and Allred that he had not committed the offense, though he admitted that on one occasion he had touched J.F.'s leg. He also told them that he had never been sexually aroused by touching J.F.

The trial court found the defendant guilty of the charged offense. Of note in the presentence report was that in 1986 the defendant had been convicted of aggravated criminal sexual abuse, for which he received a three-year sentence. Following the sentencing hearing, the court imposed a seven-year term of imprisonment.

On appeal, the defendant first argues that he was not proved guilty beyond a reasonable doubt. He contends that the evidence showed that he did not knowingly touch J.F., and that if he did do so,

it was not for his sexual arousal. He asks this court to either reverse his conviction or reduce it to the crime of attempt.

■ To prove the offense of aggravated criminal sexual abuse, the State had to show that the defendant committed an act of sexual conduct with the victim. (Ill. Rev. Stat. 1989, ch. 38, par. 12—16(c)(1)(i).) Sexual conduct includes the intentional or knowing touching of the sex organs of the victim, either directly or through clothing, for the purpose of the defendant's sexual arousal. Ill. Rev. Stat. 1989, ch. 38, par. 12—12(e).

■ In determining whether the defendant was proved guilty beyond a reasonable doubt, this court must view all of the evidence in the light most favorable to the State in order to determine whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. (*People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.) Additionally, this court should not substitute its judgment regarding the credibility of the witnesses for that of the trier of fact. *People v. Williams* (1989), 185 Ill. App. 3d 840, 541 N.E.2d 1175.

■ In the instant case, the victim gave credible testimony regarding the offense. Moreover, the defendant's explanatory testimony was impeached by his statement to police and by his prior conviction within the last 10 years. Viewing the evidence in the light most favorable to the State, we hold that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.

The defendant next argues that the trial court abused its discretion in imposing his sentence. Noting that he had attempted to rehabilitate himself and that his conduct had not caused physical harm, he contends that the court should not have imposed a seven-year sentence.

■ It is well settled that a trial court's sentencing decision is entitled to great deference and will not be altered on review unless the court abused its discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) In imposing a sentence, the court may consider the defendant's previous criminal history, as well as the fact that he was on parole when he committed the offense. *People v. Edwards* (1990), 195 Ill. App. 3d 454, 552 N.E.2d 358.

■ The record shows that the defendant had a previous conviction for aggravated criminal sexual abuse and that he was on parole when he committed the instant offense. Although there was some evidence in mitigation, it did not so outweigh the aggravating evidence as to render the sentence an abuse of discretion. We therefore affirm the seven-year sentence.

Lastly, the State requests that we remand this cause so the trial court can certify the defendant as a habitual child sex offender (Ill. Rev. Stat. 1989, ch. 38, par. 222(A)). The defendant responds that the State is effectively appealing an order which it does not have the right to appeal (see 107 Ill. 2d R. 604(a)). The defendant also contends that the State waived this argument by failing to make it in the trial court.

We find it unnecessary to address these issues. Instead, we endorse the position taken by the Fourth District Appellate Court in *People v. Taylor* (1990), 203 Ill. App. 3d 636, 561 N.E.2d 393. There, the court held that the trial court did not lose jurisdiction to certify a defendant as a habitual sex offender after the 30-day jurisdictional period had expired. Accordingly, since the State has the option of obtaining certification in the trial court, it should seek its remedy in that forum.

The judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

STOUDER, P.J., and GORMAN, J., concur.