THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY ALLEN, a/k/a Larry Allen Percy, Defendant-Appellant.

Third District   No. 3—91—0778

Opinion filed November 16, 1992.

STOUDER, J., dissenting.

Catherine FitzSimmons, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Jay P. Hoffmann, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Larry Allen, was convicted of aggravated criminal sexual abuse (Ill. Rev. Stat. 1991, ch. 38, par. 12–16(c)(1)(i)). He was sentenced to an extended term of 12 years' imprisonment. He appeals.

The indictment in this case alleged that the defendant, being 17 years of age or over, committed an act of sexual conduct with the victim, who was under 13 years of age when the act was committed. On appeal, the only issue raised by the defendant is whether his conviction should be reversed because the indictment failed to state that the alleged sexual conduct was for the purpose of sexual gratification or arousal of the victim or the accused. In support of his argument that a reversal is required, the defendant cites to *People v. Edwards* (1990), 195 Ill. App. 3d 454, 552 N.E.2d 358, and *People v. Harris* (1990), 205 Ill. App. 3d 873, 563 N.E.2d 874.

We note that the instant appeal was filed prior to our recent decision in *People v. Allensworth* (1992), 235 Ill. App. 3d 185, wherein we declined to follow *Edwards* and *Harris*. Instead, we concluded that the words "sexual conduct," standing alone, are sufficiently specific to inform a defendant with reasonable certainty of the offense he is accused of committing.

Based on our holding in *Allensworth*, we find that the instant defendant has failed to show that he was not apprised with reasonable certainty of the charges brought against him. Accordingly, we affirm the trial court.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY, P.J., concurs.

JUSTICE STOUDER, dissenting:

In the instant case, the defendant was charged with a violation of section 12–16(c)(1)(i) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 12–16(c)(1)(i)) by indictment which read in pertinent part, "Larry Allen *** committed the offense of aggravated criminal sexual abuse in that he, being 17 years of age or over, committed an act of sexual conduct with [S.M.], who was under 13 years of age when the act was committed." Section 12–12(e) of the Code (Ill. Rev. Stat. 1989, ch. 38, par. 12–12(e)) defines "sexual conduct" for purposes of section 12–16 as "any intentional or knowing touching or

fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused, or any part of the body of a child under 13 years of age, for the purpose of sexual gratification or arousal of the victim or the accused."

The defendant concedes the issue is raised for the first time on appeal; therefore, the question is whether the indictment was sufficient to appraise the defendant of the precise offense charged with sufficient specificity to prepare his defense, and/or allow pleading of a bar to future prosecution arising out of the same conduct. (See *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437.) I believe the indictment in this case was insufficient to accomplish either. I believe the indictment is deficient in two respects: (1) it fails to allege specific acts and (2) it fails to allege a purpose of sexual gratification or arousal.

In *People v. Edwards* (1990), 195 Ill. App. 3d 454, 456, 552 N.E.2d 358, the court directly addressed the issue of omitting the phrase "for the purpose of sexual gratification or arousal of the victim or the accused" from the charge. The court found the language was not "inessential"; therefore, the charges were insufficient. The court found in omitting this language, the charges failed both to set forth fully the nature and elements of the offense and to be as fully descriptive as the language of the statute.

The People cite and the majority relies on our recent decision in *People v. Allensworth* (1992), 235 Ill. App. 3d 185, which refused to follow *Edwards*, citing *People v. Lewis* (1986), 147 Ill. App. 3d 249, 498 N.E.2d 1169, and *People v. Balle* (1992), 234 Ill. App. 3d 804. The holding in *Balle* is based on the *Lewis* decision. *Lewis'* progeny are grounded on a misreading of the *Lewis* case.

In *Lewis*, the defendant was found guilty on three counts of a 20-count indictment. On appeal, the defendant alleged the counts on which he was convicted were void. One count alleged in pertinent part that the defendant "committed the offense of aggravated criminal sexual abuse in that he, a person 17 years of age or over, committed an act of sexual conduct, to wit: sexual intercourse." (147 Ill. App. 3d at 251.) The other two counts substituted "anal intercourse" and "oral copulation" for the phrase "sexual intercourse." The court reasoned that if the "to wit" phrases were omitted, the counts essentially tracked the statutory language of section 12—16(c)(1), and that the words "sexual conduct" standing alone without the "to wit" phrases were sufficiently specific.

However, the *Lewis* court was not presented with nor did the court address the issue before us today, *i.e.*, the absence of the "pur-

pose" phrase from the charging instrument. The *Lewis* court was addressing a different issue from that presented in *Edwards*. *Edwards*, unlike *Lewis*, is directly on point regarding the issue before us. Interestingly, in the case relied on by the *Lewis* court, *People v. Bradley* (1984), 128 Ill. App. 3d 372, 470 N.E.2d 1121, the "purpose" language is included in the charging instrument. In my view, the *Lewis* case has been read too broadly to reach the result in *Balle, Allensworth,* and the majority's decision in the instant case. If not, then *Lewis* was wrongly decided and should not be followed. Use of the term "sexual conduct" standing alone is not sufficient to allow a defendant to present a meaningful defense.

Under the statute, the touching or fondling is only a crime if it is done for the purpose of sexual gratification or arousal of the victim or the accused. This is the essential element of the statute which prevents physical contact in a myriad of contexts from being criminal, *e.g.*, doctors' examinations and ordinary contact with children under the age of 13 such as changing diapers or clothing.

In addition, the charging instrument should set forth the allegedly wrongful acts. The acts themselves are described in the definition of sexual conduct; but, the definition includes a variety of acts which if not specified in the indictment fail to describe any criminal conduct. These are minimum requirements enabling the defendant to prepare a meaningful defense.

For the forgoing reasons, I dissent.