Wayne K. LEMONS, Petitioner–
Appellant,

v.

William D. O'SULLIVAN, et al.,
Respondents–Appellees.

No. 94–2147.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 9, 1995.

Decided April 28, 1995.

Rehearing and Suggestion for Rehearing
In Banc Denied June 21, 1995.

Jeffrey W. DeJoode (argued), March & McMillan, Macomb, IL, for Wayne K. Lemons.

Karen Alice Kloppe, Martha Gillis (argued), Office of Atty. Gen., Crim. Appeals Div., Springfield, IL, for William D. O'Sullivan, Roland W. Burris.

Before FAIRCHILD, CUMMINGS, and CUDAHY, Circuit Judges.

FAIRCHILD, Circuit Judge.

In 1990, Wayne K. Lemons was convicted of two counts of aggravated criminal sexual abuse in the Circuit Court of McLean County, Illinois. Lemons filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court denied Lemons' petition and he appeals. For the reasons set forward below, we affirm.

### I.

Lemons appealed his aggravated sexual abuse conviction to the Appellate Court of Illinois, raising two issues: (1) the evidence was insufficient to support the verdict; and (2) the court's failure to properly instruct the jury as to the mental state necessary for commission of aggravated criminal sexual abuse resulted in plain error. The appellate court affirmed Lemons' conviction. *People v. Lemons*, 210 Ill.App.3d 33, 154 Ill.Dec. 931, 568 N.E.2d 1380 (1991). Lemons' petition for leave to appeal to the Illinois Supreme Court was denied. *People v. Lemons*, 141 Ill.2d 552, 162 Ill.Dec. 501, 580 N.E.2d 127 (1991). Lemons did not file for post-conviction relief in Illinois state court.

Lemons filed a petition for habeas corpus in the district court.[1] His *pro se* petition, amended petition, and motion for summary judgment raised several issues: (1) the evidence was insufficient to support the verdict;

---

1. Lemons is serving consecutive sentences imposed at different times. On March 12, 1990, he was sentenced to concurrent four and a half year terms for aggravated sexual abuse. On August 11, 1992, he was sentenced, after a first sentence was set aside, to ten years on another 1990 conviction for aggravated battery to run consecutively to the sentence for aggravated sexual abuse. Apparently Lemons could not have been sentenced to more than five years for the aggravated battery but for the aggravated sexual abuse conviction. Under Illinois law, an extended term sentence can be imposed if a defendant has committed a similar or greater class felony within ten years, excluding incarceration, of the present conviction. 720 ILCS 5/5–5–3.2(b)(1), 5–8–2. The alleged constitutional errors occurred only in the course of the aggravated sexual abuse conviction.

(2) the court failed to instruct the jury as to the mental state necessary for commission of aggravated criminal sexual abuse; (3) the state constructively amended Counts One and Two of the indictment; (4) Counts One and Two of the indictment were defective because of omission of a description of the requisite mental state; (5) ineffective assistance of trial counsel; (6) ineffective assistance of appellate counsel. The district court ruled on claim (1) finding the evidence sufficient to support Lemons' conviction. The district court found that Lemons did not establish cause for his failure to raise claims (3) and (4) regarding the indictments at trial or on direct appeal, his failure to raise claim (5) regarding ineffective assistance of trial counsel on direct appeal, and his failure to raise claim (6) regarding ineffective assistance of appellate counsel at the state post-conviction level. The court held that Lemons had procedurally defaulted on claims (3) through (6), precluding Lemons from raising these issues in a habeas proceeding. Claim (2) regarding the jury instructions was dismissed in a separate order. Lemons appeals raising all claims mentioned above with the exception of claim (2).

## II.

■ Before a federal court may review the merits of a claim raised by a state prisoner in a habeas petition, the petitioner must fulfill the procedural requirements set by state law for seeking judicial review in the state courts. Failure to raise claims on direct or post-conviction review generally results in a waiver of these claims. *Mason v. Gramley*, 9 F.3d 1345, 1348 (7th Cir.1993); *Farrell v. Lane*, 939 F.2d 409, 411 (7th Cir.), *cert. denied*, 502 U.S. 944, 112 S.Ct. 387, 116 L.Ed.2d 337 (1991). A petitioner is barred, with prejudice, from raising a claim that could have been but was not presented to the state court and at the time of the federal court habeas review can no longer be pre-

sented to the state court. *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2935, 124 L.Ed.2d 685 (1993); *United States ex rel. Bonner v. DeRobertis*, 798 F.2d 1062, 1065–66 (7th Cir.1986). A petitioner can raise a procedurally defaulted claim in a habeas proceeding only by showing good cause for the default and actual prejudice stemming from the default. *United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977). Ineffective assistance of counsel may be considered cause for a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).

■ Lemons argues ineffective assistance of trial counsel as cause for his failure to raise claims (3) and (4) at trial. Before a state prisoner can use ineffective assistance of counsel as cause for a procedural default, he must first present this claim as an independent claim to the state courts either on direct appeal or in post-conviction proceedings.[2] *See Carrier*, 477 U.S. at 489–90, 106 S.Ct. at 2646; *Farrell*, 939 F.2d at 411. In general, "a defendant who neglects to raise a claim of inadequate representation on direct appeal may not later assert that claim in a petition for post-conviction relief ... [unless] the basis for the claim does not appear on the record." *Farrell*, 939 F.2d at 411 (*quoting United States ex rel. Devine v. DeRobertis*, 754 F.2d 764, 766 (7th Cir.1985)). Since the deficiencies that Lemons asserts—conviction based on a defective indictment and/or constructive amendment to the indictment—are based on information contained in the trial court record his claim of ineffective assistance of trial counsel was procedurally defaulted. Similarly Lemons' claim of ineffective assistance of appellate counsel, which he argues is cause for his failure to raise the ineffective assistance of trial counsel and in-

---

**2.** Illinois courts have held that claims of ineffective assistance of trial counsel, the basis of which does not appear in the trial court record, and claims of ineffective assistance of appellate counsel are properly adjudicated in proceedings on petition for post-conviction relief. *People v. Davis*, 156 Ill.2d 149, 189 Ill.Dec. 49, 619 N.E.2d

750 (1993); *People v. Flores*, 153 Ill.2d 264, 180 Ill.Dec. 1, 606 N.E.2d 1078 (1992), *cert. denied*, —— U.S. ——, 114 S.Ct. 102, 126 L.Ed.2d 68 (1993); *People v. Winsett*, 153 Ill.2d 335, 180 Ill.Dec. 109, 606 N.E.2d 1186 (Ill.1992), *cert. denied*, —— U.S. ——, 114 S.Ct. 102, 126 L.Ed.2d 68 (1993).

dictment-based claims on direct appeal, was procedurally defaulted by Lemons' failure to raise this claim in a state court petition for post-conviction relief. *See Farrell,* 939 F.2d at 411; *Morrison v. Duckworth,* 898 F.2d 1298, 1300 (7th Cir.1990).

Lemons is therefore left with the task of showing cause—external to his claims of ineffective assistance of counsel—for his defaults as well as prejudice.[3] Lemons makes three arguments in attempting to establish cause for his procedural defaults: (1) his participation in the appeal of his subsequent conviction; (2) a change in the statute of limitations reducing the time during which a post-conviction proceeding could be begun; and (3) a lapse of much of the period of limitations before he realized the impact of the aggravated sexual abuse convictions by their enhancement of the permissible and actual sentence he received upon the subsequent conviction for aggravated battery.[4]

■ First, Lemons argues that his active participation in seeking review of his aggravated battery conviction occupied his attention and caused his failure to timely file a post-conviction petition. We see no reason why Lemons could not have pursued post-conviction relief in the aggravated sexual abuse convictions while also pursuing his direct appeal and post-conviction remedy in the other case. Lemons has provided this court with no support, nor have we found any, for the proposition that a petitioner's activity in pursuing review of one conviction establishes cause for a procedural default in seeking review of another conviction. One's efforts in appealing one conviction are scarcely an "external" factor establishing cause for a procedural default.

■ Second, Lemons argues that a shortening of the Illinois statute of limitations deprived him of the opportunity to file a timely post-conviction petition for relief. When Lemons was convicted the period for bringing a petition for post-conviction relief was ten years after final judgment. Effective January 1992, during Lemons' incarceration, this period was reduced to three years from the date of conviction (with exceptions not applicable to the facts of Lemons' case). 720 ILCS 5/12–1 (1993). Without ruling on the possibility of circumstances under which a change in the statute of limitations might be cause for failing to file a post-conviction petition, we find that in the case before us the change did not constitute cause for Lemons' failure to file.

Under the revised statute, the time within which Lemons could bring a post-conviction proceeding ran from January 11, 1990 until January 11, 1993. Lemons' petition for leave to appeal to the Illinois Supreme Court was denied on October 2, 1991, and any inadequacy of appellate counsel had occurred by then. He still had fifteen months to file a post-conviction petition. We conclude that a fifteen-month period was reasonable and adequate and did not establish cause for his procedural default.

■ Thirdly, Lemons argues that the convictions for aggravated sexual abuse were not used to enhance his sentence for aggravated battery until August 11, 1993. On that date he had only five months to file for post-conviction relief from the convictions for aggravated sexual abuse. Lemons claims that this time period was so short that it should be deemed cause for failure to file for post-conviction review of the earlier convictions. We are not persuaded that (1) Lemons' ap-

---

**3.** There is an additional avenue through which to seek consideration of the merits. Under what has come to be known as the fundamental miscarriage of justice exception, "[i]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant a writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986). *See also Herrara v. Collins,* —— U.S. ——, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993); *Sawyer v. Whitley,* —— U.S. ——, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). We agree

with the district court that although Lemons has asserted his innocence, his case does not fall within the narrow exception spoken of in *Murray v. Carrier.*

**4.** Lemons argues that he does not have to demonstrate cause for his failure to pursue post-conviction relief based on our rulings in *Gray v. Greer,* 707 F.2d 965 (7th Cir.1983) and *Harris v. DeRobertis,* 932 F.2d 619 (7th Cir.1991). These cases, however, deal with the exhaustion requirement and not procedural default.

parent surprise at the impact of his sexual abuse convictions on his aggravated battery sentence was cause for his failure at some earlier time to seek review of the sexual abuse convictions, nor (2) that even if the delay until sentencing for aggravated battery could be excused, the shortening of the period of limitations to, in effect, five months from that date was cause.

Lemons did appeal from the sentence for aggravated battery and was represented by a public defender. He claims that counsel refused to challenge in that appeal the validity of the aggravated sexual abuse convictions and their use in enhancing his sentence for aggravated battery. We do not know, and need not decide, whether the Illinois courts would, in reviewing a sentence enhanced by reason of a prior conviction, consider a challenge to the prior conviction for constitutional error. Lemons is now procedurally barred from making a claim of ineffective assistance of counsel on that appeal because he failed to make it in an Illinois post-conviction proceeding. Under present 720 ILCS 5/12–1 (1993) he could have commenced such a proceeding within six months after the date for filing a petition to appeal from the appellate decision of April 8, 1993 affirming his sentence.

Even if Lemons established cause for failure to bring a timely post-conviction proceeding, the test that he must satisfy is one of cause *and* prejudice and Lemons has failed to establish prejudice. In order to establish prejudice, a petitioner must show "not merely that the errors of his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 1596, 71

L.Ed.2d 816 (1982). *See also Degaglia v. United States*, 7 F.3d 609, 612–13 (7th Cir. 1993). Lemons argues that he suffered actual prejudice by counsel's failure to raise two claims: (1) the indictment charging aggravated sexual abuse was facially invalid and (2) the state constructively amended the indictment at trial. Neither claim has merit, and the failure to present them caused no prejudice.

The elements of aggravated criminal sexual abuse require that "the accused was 17 years of age or over and commit[ed] an act of sexual conduct with a victim who was under 13 years of age when the act was committed." 720 ILCS 5/12–16(c)(1) (1993). Sexual conduct is defined as "any intentional or knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused, or any part of the body of a child under 13 years of age, for the purpose of sexual gratification or arousal of the victim or the accused." 720 ILCS 5/12–12(e) (1993). Count One of the indictment charged that during December 1987 Lemons, "committed the offense of aggravated sexual abuse in that he knowingly, being 17 years of age or over, committed an act of sexual conduct with C.R.S., who was under 13 years of age when the act was committed, said act being the fondling of the vagina and breast of C.R.S. by Wayne K. Lemons." Count Two was written in a similar fashion detailing the acts of sexual abuse alleged by a second victim.

■ Lemons maintains that aggravated sexual abuse charges must set forth that the relevant conduct was committed for the purpose of sexual arousal or gratification.[5] Ac-

---

**5.** Lemons argues that this court is bound by *People v. Edwards*, 195 Ill.App.3d 454, 142 Ill. Dec. 8, 552 N.E.2d 358 (1990), holding that an indictment that does not include language that "the conduct was committed with the purpose of sexual arousal or gratification" is facially defective. *See also People v. Allen*, 237 Ill.App.3d 489, 178 Ill.Dec. 473, 604 N.E.2d 996 (1992) (Stouder, J., dissenting). *But see People v. Hubbard*, 264 Ill.App.3d 188, 201 Ill.Dec. 663, 636 N.E.2d 1095 (1994) (indictment including the term "sexual conduct" sufficient to inform defendant with reasonable certainty of charges against him); *People v. Balle*, 234 Ill.App.3d 804, 176 Ill.Dec.

90, 601 N.E.2d 788 (1992) (same); *People v. Allensworth*, 235 Ill.App.3d 185, 175 Ill.Dec. 739, 600 N.E.2d 1197 (1992) (same). Lemons cites language in a recent decision by the Illinois Supreme Court which could be read as holding, like *Edwards*, that a charge of aggravated sexual abuse must allege that the sexual conduct was for the purpose of sexual gratification. *People v. Novak*, 163 Ill.2d 93, 113–14, 205 Ill.Dec. 471, 482, 643 N.E.2d 762, 773 (1994). From the context, however, we do not believe that *Novak* so holds. In that case the defendant was charged with aggravated criminal sexual assault and one of his contentions on appeal was that

cording to Lemons, failure to include language that "the conduct was committed for the purpose of sexual arousal or gratification" violates the Sixth and Fourteenth Amendments because the charges do not allege an essential element of the statutory offense, inhibiting a defendant's ability to prepare a defense at trial. We disagree.

▉ The federal constitution requires that fair notice be given to the criminally accused, that no one shall be held criminally responsible for conduct that the average person could not reasonably understand to be proscribed. *United States v. Harriss,* 347 U.S. 612, 617, 74 S.Ct. 808, 811–12, 98 L.Ed. 989 (1954). In order to pass constitutional muster a "penal statute [must] define the criminal offenses with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983) (citations omitted). Similarly, an indictment charging an offense must: "(1) state all of the elements of the offense charged; (2) inform the defendant of the nature of the charge, enabling the defendant to prepare a defense; and (3) enable the defendant to plead the judgment as a bar to later prosecution for the same offense." *United States v. F.J. Vollmer & Co., Inc.,* 1 F.3d 1511, 1518 (7th Cir.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 688, 126 L.Ed.2d 655 (1994). We note that under Federal Rule of Criminal Procedure 12(b)(2) a defendant must raise any objection to the indictment prior to trial and that a failure to

do so means the "indictment must be upheld unless it is so defective that it does not, by any reasonable construction, charge any offense for which the defendant is convicted." *United States v. James,* 923 F.2d 1261, 1266 (7th Cir.1991) (citations omitted).

This court has already found that the Illinois aggravated criminal sexual abuse statute proscribing certain acts of "sexual conduct" is not impermissibly vague. *Server v. Mizell,* 902 F.2d 611, 613–14 (7th Cir.1990). In *Server* we held that the statute's definition of sexual conduct is "not so imprecise that [it] fail[s] to give sufficient notice of proscribed acts [nor will it] . . . lead to discriminatory or arbitrary application by prosecutors, trial courts or juries." *Id.* at 614. Here we believe that the use of the term "sexual conduct" in the indictment accompanied by a description of the alleged acts was sufficient to apprise Lemons of the elements and nature of the charges against him and allow him to adequately prepare his defense.[6] Because "sexual conduct" is statutorily defined as an act "for the purpose of sexual gratification or arousal," Lemons had fair notice that such purpose was being charged against him.

▉ Lemons also claims that the state constructively amended the indictment when the prosecutor during closing arguments informed the jury of the definition of sexual conduct. We find this argument without merit because Lemons misconstrues the court's bar on constructive amendments. Constructive amendment typically refers to situations where the trial proof or jury instruction goes beyond the parameters of the

---

the trial court erred in not giving the jury the opportunity to convict him of aggravated criminal sexual abuse as a lesser included offense. The court rejected the claim, applying the "charging instrument approach" to decide whether aggravated sexual abuse was a lesser included offense of aggravated sexual assault. The court reasoned that the charge of aggravated sexual assault by an act of sexual penetration, described in the *Novak* indictment, was a different type of conduct from that of sexual conduct by touching or fondling for the purposes of sexual gratification or arousal. The indictment before the court included neither the term "sexual conduct" nor the statutory definition. Although the court characterized as erroneous defendant's contention (citing *Allensworth* ) that a charge of aggravated sexual abuse need not specifically

allege that the sexual conduct was for the purpose of sexual gratification or arousal, the opinion recited with seeming approval the holdings of *Allensworth* and *Balle* that "the words 'sexual conduct' were alone sufficient to inform the defendant with reasonable certainty of the charges against him." *Id.* It is our judgment that the Supreme Court of Illinois would not reverse a conviction for aggravated sexual abuse based upon an indictment like Lemons' because it failed to include the statutory language concerning purpose.

**6.** Lemons does not argue defect based on the indictment's failure to bar later prosecution and we believe no such defect exists here.

indictment in an attempt to cure a defective indictment and this results in a prosecution for an offense different from, or in addition to, that charged by the grand jury. It is important to note that, "[n]ot all variations in proof that contradict or supplement verbiage in the indictment rise to the level of constructive amendments." *United States v. Willoughby*, 27 F.3d 263, 266 (7th Cir.1994). *See also United States v. Leichtnam*, 948 F.2d 370, 376 (7th Cir.1991). Here, we believe that the prosecutor's inclusion of the statutory definition of sexual conduct was benign.

### III.

Lemons claims that he was convicted on insufficient evidence. This claim was properly preserved and may be considered on the merits. The relevant inquiry for a federal habeas court reviewing a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

Lemons' claim rests in his attack on the credibility of the testimony of the two female victims. At trial the two female victims, then ages twelve and thirteen, testified that Lemons had sexually abused them. Lemons denied the charges. On appeal, Lemons asserts, without offering any instances or illustrations, that the witnesses' testimony was fraught with inconsistencies. District Judge Mihm noted, but did not consider dispositive, inconsistencies between some of the girls' prior statements and their trial testimony and that the girls were unable to recall some details. From a review of the record and Lemons' prior pleadings, it is clear that Lemons was able to raise his challenges to the consistency and credibility of the witnesses' allegations at trial before the jury. The testimony was not implausible or incredible. The jury was apparently simply not persuaded by Lemons' testimony and arguments and found that the girls had greater credibility than Lemons. It is the jury, not an appellate court, that determines the credibility of testimony. *Chandler v. Richards*, 935 F.2d 915, 918 (7th Cir.1991). We agree with Judge Mihm and find that a rational jury could have found Lemons guilty of aggravated sexual abuse.

### IV.

Lemons argues that the district court erred by failing to enter a default judgment against the state custodians for failure to respond to his petition for writ of habeas corpus within the statutory time frame.[7] Lemons argues that the burdens on the office of the state attorney general do not amount to good cause for failure to respond. We have recently pointed out that the rules governing Section 2254 cases have loosened up the deadline for responses and left it to the district court to fix the deadline. *Bleitner v. Welborn*, 15 F.3d 652 (7th Cir.1994). Moreover in *Bleitner* we held that:

> Releasing a properly convicted prisoner or imposing on the state the costs and uncertainties of retrying him, perhaps many years after the offense, is apt to be a disproportionate sanction for the wrong of failing to file a timely motion for an extension of time. This thinking informs the principle that default judgment is disfavored in habeas corpus cases.

---

7. Under Federal Rule of Civil Procedure 81(a)(2) a writ of habeas corpus, or order to show cause, "shall be returned in 3 days unless for good cause shown additional time is allowed which in cases brought under 28 U.S.C. § 2254 shall not exceed 40 days...." Federal Rule of Civil Procedure 81(a)(2) (1994). On May 26, 1993, Lemons filed a Petition for Writ of Habeas Corpus. On the same date, the respondent was ordered to show cause by June 18, 1993 why the writ should not be granted. On June 17, 1993, respondent filed a motion to extend time to answer which was granted by the court and the new deadline was set for July 28, 1993. On July 26, 1993, respondent filed a second motion to extend time to answer which was granted and a deadline was set for August 28, 1993. On September 20, 1993, the respondent was ordered to show cause within twenty-one days why an answer had not been filed by the August 28, 1993 deadline. On October 13, 1993, respondent filed a motion for leave to file instanter and proffered a response to the rule to show cause. On November 16, 1993, the court declined to enter default judgment in favor of the petitioner.

*Bleitner*, 15 F.3d at 653. *See also Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir.1994) (habeas corpus relief is not to be used as a remedy for harmless technical violations). We find no abuse of discretion in the district court's denial of default judgment.

AFFIRMED.