61 F.3d 906
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ramon MARTINEZ, Petitioner-Appellant,
v.
Richard B. GRAMLEY, Respondent-Appellee.
 No. 94-1628.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 13, 1995.*
Decided July 14, 1995.
As Amended July 21, 1995.
Rehearing Denied Sept. 28, 1995.
 
 Before FLAUM, RIPPLE, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Ramon Martinez filed a petition for a writ of habeas corpus pursuant to 42 U.S.C. Sec. 2254, seeking to overturn his Illinois murder conviction. The district court dismissed his petition because Martinez procedurally defaulted his claims by failing to present them to the Supreme Court of Illinois.
 
 BACKGROUND
 
 2
 Martinez was convicted by a jury on March 4, 1983, of murdering a friend in a dispute over a drug deal. Martinez appealed his conviction challenging one of the state's witness' testimony. The witness testified to statements Martinez made while he was "bagging drugs". The appellate court held that Martinez waived his objection to that testimony by not raising it at trial. The court further held that the statement and any other "inappropriate" remarks made during that witness' testimony were harmless. Martinez also challenged allegedly improper remarks made by the prosecutor during closing. The appellate court held that the prosecutor's remarks did not substantially prejudice Martinez and were harmless error. Martinez did not appeal his case to the Supreme Court of Illinois.
 
 
 3
 Martinez then filed a post-conviction motion arguing ineffective assistance of trial and appellate counsel. A hearing was held and the court determined that Martinez received effective assistance of counsel. The appellate court affirmed. Martinez did not file a timely appeal of the post-conviction decision in the Supreme Court of Illinois, but later filed a motion asking for leave to appeal late. That motion was denied.
 
 
 4
 Martinez then filed a petition for a writ of habeas corpus in the district court. During the state court proceedings, Martinez offered examples of his counsel's ineffectiveness. In the district court, Martinez presented those examples as independent constitutional challenges to his conviction. The state argued that these issues were not exhausted in the state courts. The state also argued that these issues and the ones litigated in the state court were procedurally defaulted because they had not been appealed to the Supreme Court of Illinois. The district court dismissed Martinez' petition because he procedurally defaulted his claims by not appealing his post-conviction petition to the Supreme Court of Illinois.
 
 ANALYSIS
 
 5
 We review the denial of Martinez' petition for a writ of habeas corpus de novo. Lilly v. Gilmore, 988 F.2d 783, 784 (7th Cir.), cert. den. 114 S. Ct. 154 (1993). Before we will consider the substance of Martinez' petition, he must exhaust all his state court remedies. Castille v. Peoples, 489 U.S. 346 (1989). Exhaustion requires Martinez to pursue all his claims on direct appeal or in post-conviction proceedings. Mason v. Gramley, 9 F.3d 1345, 1347 (7th Cir. 1993). Martinez did not pursue all his claims, and to do so he needs to file a second post-conviction petition in the trial court. The deadline to file a second petition passed, however, on March 4, 1986. 725 ILCS 5/122-1 (1995). Theoretically, Martinez can avoid the deadline if he can show that he was free from culpable negligence in failing to raise his claims in a timely manner. But no published case exists in which an Illinois court has found that a prisoner was free from culpable negligence in missing a deadline. The odds of Martinez being the first are very small, so we will not exercise the futile option of returning his case to the state court. He has, in effect, exhausted his state court remedies. Jones v. Washington, 15 F.3d 671, 674 (7th Cir. 1994).
 
 
 6
 The state argues that Martinez procedurally defaulted his claims. In the face of the government's argument, Martinez must establish that he has fairly presented the substance of his claims to the highest state court--the Supreme Court of Illinois--in a timely manner. Lemons v. O'Sullivan, 54 F.3d 357 (7th Cir. 1995); Mason, 9 F.3d at 1348. Martinez did not appeal his direct action to the Supreme Court of Illinois. In his post-conviction motion, he blames that failure on ineffective assistance of appellate counsel. But Martinez did not appeal his post-conviction action until it was too late, so he was not allowed to proceed. He has, therefore, procedurally defaulted his claims.
 
 
 7
 Martinez can circumvent his procedural default if he can show cause for failing to appeal to the Supreme Court of Illinois, and if he can show prejudice resulting from his default. Lemons 54 F.3d at 360. Martinez has not made any argument for either cause or prejudice, and we found none in our independent review of the post-conviction hearing transcripts, the state court briefs, the letters attached to Martinez' brief that he claims would have changed the outcome of the trial if they had been presented to the jury, or any other documents in the record.
 
 CONCLUSION
 
 8
 The district court decision is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record