76 F.3d 381
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert JACKSON, Petitioner-Appellant,
v.
Jerry D. GILMORE, Respondent-Appellee.
 No. 94-2403.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 28, 1995.*
Decided Jan. 25, 1996.
 
 Before POSNER, Chief Judge, and FAIRCHILD and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Robert Jackson was convicted of murder by an Illinois state court and sentenced to 35 years in prison. He brought this petition for a writ of habeas corpus, alleging a variety of constitutional infirmities in his trial and appeal. The district court denied Jackson's petition, holding that he had procedurally defaulted on his claims by failing to present them to the state courts. We affirm.
 
 FACTS
 
 2
 Jackson and two co-defendants, John Brandon and Michael Williams, were convicted of murdering Willie Ray Thompson. The facts surrounding the murder are set forth in detail in the Illinois appellate court opinion, People v. Jackson, 223 Ill.App.3d 1045, 586 N.E.2d 341 (1991). The only facts relevant for our purposes are that just prior to the murder, Herman Mollison was walking with Thompson. Mollison testified that Jackson approached Thompson, drew a gun, and chased Thompson when he ran. Mollison then heard several shots, and later discovered Thompson lying on the ground. Two other witnesses, Henry Wright and John Bates, testified that they actually saw Jackson and Brandon hold Thompson down while Williams shot him. A number of other witness supplied corroborating evidence.
 
 
 3
 During the trial, Jackson moved for a mistrial when the prosecution indicated that it would call Mollison to testify. Jackson believed Mollison's testimony would exculpate Brandon and Williams while blaming him (Jackson) alone for the murder. The trial court, however, denied the motion, and Mollison testified as described above.
 
 
 4
 All three defendants were convicted; Williams received a 40 year sentence, and Jackson and Brandon each received 35 year sentences.
 
 
 5
 Jackson appealed to the Illinois appellate court. He argued that Mollison's testimony created an antagonism between his defense and his two co-defendants' by exonerating Williams and Brandon while inculpating him as the sole killer, and thus, the trial court should have granted his motion for a mistrial. Jackson also claimed that he was prejudiced by certain testimony at trial and by the prosecution's objections to comments made by his counsel in closing argument. The appellate court upheld Jackson's conviction. Jackson did not thereafter appeal to the Illinois Supreme Court nor did he petition for state post-conviction relief.
 
 
 6
 Jackson brought this pro se petition for a writ of habeas corpus, claiming that the evidence at trial was insufficient to sustain his conviction, that he was denied due process when the trial court denied his motion for a mistrial, and that he was denied effective assistance of both trial and appellate counsel. The district court denied the petition, holding that Jackson had procedurally defaulted on all his claims and that he had not established cause and prejudice for any of his claims so as to warrant excusing his procedural defaults. This appeal followed.
 
 ANALYSIS
 
 7
 On appeal, Jackson argues that the district court erred in dismissing his petition. According to Jackson, the district court should have excused his procedural defaults both because he showed cause and prejudice for these defaults and because he could meet the requirements of the "actual innocence" exception to the exhaustion requirement. Moreover, Jackson claims that the district court applied erroneous standards to his petition and claims. We need not reach any of these arguments, however, because none of the substantive claims in Jackson's petition had merit. Thus, Jackson suffered no prejudice from the dismissal of his petition.
 
 
 8
 Jackson's petition alleged four grounds warranting habeas corpus relief. First, he claimed that as a matter of law the Illinois courts lacked sufficient evidence to sustain his conviction. To have his conviction reversed for insufficiency of evidence, however, Jackson must show that--viewing the evidence contained in the record in the light most favorable to the prosecution--no rational trier of fact could have found him guilty beyond a reasonable doubt. Lemons v. O'Sullivan, 54 F.3d 357, 364 (7th Cir.1995), cert. denied, 116 S.Ct. 528 (1995) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Here, one eyewitness testified that he saw Jackson chase the victim with a gun and two other witnesses testified that they saw Jackson hold down the victim while Williams shot him. The evidence was thus clearly sufficient for a rational juror to conclude that Jackson had participated in--and hence was guilty of--Thompson's murder.
 
 
 9
 Jackson also argued that the state court's factual determinations were not fairly supported by the record as a whole, and thus, the district court should have reviewed the entire record (in Jackson's words, a "cover-to-cover reading") to determine whether there were "substantial grounds upon which relief may be granted." This the district court cannot do--it cannot take on the role of an advocate to search the record on Jackson's behalf for grounds upon which to grant his petition. It was Jackson's task as the petitioner to point out specific inadequacies in the evidence adduced against him, yet Jackson never explained how the evidence in the record was inadequate to sustain his conviction. Thus, Jackson's insufficiency of evidence claim was without merit.
 
 
 10
 The second ground for habeas corpus relief Jackson alleged in his petition was that he was denied due process when the trial court denied his motion for a mistrial after Mollison testified. This alleged denial of due process was premised on his claim that Mollison's testimony created antagonism between Jackson's defense and his co-defendants'. As the district court correctly concluded, however, Brandon's and Williams's defenses were in no way antagonistic toward Jackson's. Mollison's testimony did not exculpate Brandon and Williams at Jackson's expense--it merely stated that prior to the murder, Jackson approached Thompson, drew a gun, and chased Thompson away. Because Mollison did not claim to have seen the actual murder, there was nothing about his testimony that suggested that Jackson alone committed the murder, rather than first being joined by Brandon and Williams.
 
 
 11
 Moreover, the fact that the jury convicted all three defendants undercuts the idea that Williams's and Brandon's defenses were antagonistic to Jackson's. The jury found beyond a reasonable doubt that all three defendants participated in Thompson's murder; clearly, Mollison's testimony did not place the blame solely on Jackson while exonerating Brandon and Williams. Thus, Jackson was not denied due process by the trial court's refusal to declare a mistrial, and accordingly, this claim did not entitle Jackson to habeas corpus relief.
 
 
 12
 Jackson's third claimed ground for habeas relief was that he was denied effective assistance of counsel during his trial. A petitioner raising a claim of ineffective assistance of counsel must show that his counsel's performance was deficient and that this deficient performance prejudiced him. United States ex rel. McCall v. O'Grady, 908 F.2d 170, 173 (7th Cir.1990) (citing Strickland v. Washington, 466 U.S. 668 (1984)). We employ a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, Id., and a strong presumption in favor of the reliability of the outcome of the petitioner's trial. Id. Furthermore, the burden remains on the petitioner to overcome these strong presumptions by affirmatively establishing both component's of Strickland 's two part test. Id.
 
 
 13
 Jackson did not overcome either of these presumptions. According to Jackson, his trial counsel failed to call witnesses who "would have offered testimony rebutting the State's case." But Jackson made no attempt either to identify these witnesses or to state what the substance of their testimony would have been had they been called at trial. Such vague and unsupported claims are insufficient to overcome Strickland 's presumptions, United States ex rel. Cross v. DeRobertis, 811 F.2d 1008, 1016 (7th Cir.1987), and thus, there was no merit to Jackson's claim that he was denied effective assistance of counsel at trial.
 
 
 14
 Finally, Jackson claimed that he was denied effective assistance of appellate counsel. According to Jackson, his appellate counsel failed to pursue the claims discussed above. But because none of these claims had merit, Jackson was not prejudiced by his appellate counsel's failure to pursue them. Accordingly, Jackson has not satisfied the Strickland test with respect to his appellate counsel.
 
 
 15
 Because none of the substantive claims in Jackson's petition had merit, he was not entitled to relief. Accordingly, he suffered no prejudice from the district court's dismissal of his petition for procedurally defaulting on his claims. Thus, the order of the district court dismissing Jackson's petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Accordingly, the appeal is submitted on the briefs and the record